UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERNEST DAVIS,

    Petitioner,

v.                                                                          Case No.  3:12cv313/MCR/CJK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1).  Respondent filed an answer (doc. 17), submitting relevant portions of the state court record (doc. 18).  Petitioner replied.  (Doc. 26).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On September 12, 2005, a Florida grand jury indicted petitioner in Santa Rosa County Circuit Court Case No. 05-1010, with the first-degree premeditated murder (with a firearm) of his father Vodia Davis. (Doc. 18, Ex. A, pp. 11-12).[1]  Petitioner went to trial and, on March 27, 2008, a jury found him guilty as charged, with the additional findings that petitioner discharged a firearm and that the discharge inflicted death upon Vodia Davis. (Ex. H, p. 36). By judgment rendered June 3, 2008, petitioner was adjudicated guilty and sentenced to a term of natural life without parole, with a minimum mandatory sentence of twenty-five years. (Ex. H, pp. 40-47, Ex. I). Petitioner's judgment of conviction was affirmed on direct appeal, per curiam and without a written opinion, on December 1, 2009. *Davis v. State*, 22 So. 3d 541 (Fla. 1st DCA 2009) (Table) (copy at Ex. L).

On December 28, 2009, petitioner filed a motion to reduce or modify sentence under Florida Rule of Criminal Procedure 3.800(c). (Ex. N). The state circuit court denied relief on January 12, 2010. (Ex. O).

On July 2, 2010, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. P, pp. 1-14). The state circuit court struck the motion as facially insufficient on February 22, 2011, with leave to amend within thirty days. (*Id*., pp. 15-16). On March 14, 2011, petitioner filed an amended motion for postconviction relief. (*Id*., pp. 17-29). The circuit court summarily denied relief in an order rendered on July 18, 2011. (*Id*., pp. 32-33). The Florida First District Court of Appeal ("First DCA") per curiam affirmed on October 19, 2011,

---

[1] All references to exhibits will be to those provided at Doc. 18, unless otherwise noted. If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

without a written opinion. *Davis v. State*, 75 So. 3d 721 (Fla. 1st DCA 2011) (Table) (copy at Ex. Q). The mandate issued December 28, 2011. (Ex. T).

Petitioner filed his federal habeas petition in this court on June 18, 2012. (Doc. 1, p. 1). The petition raises two grounds for relief: (1) the trial court abused its discretion when it allowed Deputy Spencer to testify to the reasons petitioner was not allowed to leave the investigative office, and (2) trial counsel was ineffective for failing to object to the trial court's failure to follow Rule 3.410 of the Florida Rules of Criminal Procedure after the jury foreman sent a question to the judge requesting transcripts of petitioner's audio-taped confession. (Doc. 1, pp. 19-27). Respondent filed an answer asserting that petitioner's Ground One fails for one or more of the following reasons: (1) the claim does not present an issue cognizable on federal habeas review, (2) the claim is procedurally defaulted, and (3) the claim is without merit. (Doc. 17, pp. 7-15). As to Ground Two, respondent asserts the state court's adjudication of the claim is not contrary to, or an unreasonable application of, clearly established federal law. (*Id.*, pp. 15-22). Petitioner filed a reply in which he abandoned Ground One, explaining: "Ground One is not an issue of a denial of A Federal Constitutional Right and [wa]s not properly preserved for Habeas Corpus review. Petitioner waives this claim." (Doc. 26, p. 2). Petitioner argues with regard to Ground Two that he is entitled to habeas relief, because the state court's adjudication of that claim was an unreasonable application of clearly established federal law. (*Id.*, pp. 2-8).

## APPLICABLE LEGAL STANDARD

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2] The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

---

[2]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue.  *Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases.  *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (*citing Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask

whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts). In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct.  28 U.S.C. § 2254(e)(1).  The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").  Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications.  *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011).  However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision."  *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims.  *See Panetti*, 551 U.S. at 954.  Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).  "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

## DISCUSSION

Ground Two     "Defendant is entitled to a new trial due to counsel's failure to object to trial court's failure to follow strictures of criminal rule 3.410 prior to jury returning verdict, which conduct violated Defendant's 6th and 14th Amendment rights under U.S. Constitution."  (Doc. 1, pp. 23-27).

Petitioner alleges the following in support of this claim:

> In the present case, after the jury had retired to deliberate, the foreman sent out a question requesting transcripts of the audio DVD which contained Defendant's 3 1/2 hour taped confession. However, the defense counsel and the state attorneys had already departed for lunch. Because the trial court did not want to immediately call them back, he sent the bailiff (deputy Cotten) in to convey to the jury that they would handle the issue after lunch.  Presumably the bailiff conveyed that to the jury.  However, because it is not of record, it can not [sic] be known for sure if deputy Cotten told the jury they could not receive the transcripts requested.
>
> In any event, the jury returned a verdict of guilty during the lunch period and did not get to have the issue they raised in the question correctly addressed.
>
> Upon return from lunch, the trial court advised the parties that the jury had returned a verdict.  The court at that time informed the parties of the jury question that had been received while they were out.
>
> After learning of the question[,] counsel for the Defendant asked the judge did he tell the jury they could listen to the tape if they wished to?  The court stated that he did not tell them anything, and that he didn't bring them in but only conveyed to them through deputy Cotten, that they would handle the issue after lunch.  Defense counsel made no other remarks concerning this matter.

(Doc. 1, pp. 24-25).  Petitioner asserts he raised this claim in his Rule 3.850 motion. (*Id.*, pp. 3-4).

Respondent concedes that petitioner presented this claim to the state courts in his amended Rule 3.850 motion and that the state court adjudicated the claim on the merits. (Doc. 17, p. 20). Respondent argues that petitioner is not entitled to federal habeas relief because the state court correctly identified and reasonably applied the clearly established federal standard in rejecting the claim. (*Id.*, pp. 20-23).

A.     Clearly Established Federal Law

In *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set out a two-part inquiry for ineffective assistance claims. A petitioner must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced the petitioner. *Id.*, 466 U.S. at 687. "First, petitioner must show that 'counsel's representation fell below an objective standard of reasonableness. Second, petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Darden v. Wainwright*, 477 U.S. 168, 184, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (quoting *Strickland*, 466 U.S. at 668, 694).

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 131 S. Ct. at 788. As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (citations omitted).

    B.    Federal Review of State Court Decision

Petitioner raised this claim as Ground Two of his amended Rule 3.850 motion. (Ex. P, pp. 20-24). The postconviction court denied relief on the merits as follows:

> Defendant alleges during jury deliberations, the jury sent out a request for transcripts of a taped confession. Because counsel were out for lunch, the trial court sent the court security officer Deputy Cotten in to convey to the jury the matter would be handled after lunch. However, the jury returned a verdict during the lunch period. Defendant asserts it cannot be known for sure if the deputy told the jurors they could not receive the transcripts requested, and any communication outside the presence of counsel and Defendant was per se reversible error. He claims counsel was ineffective for failing to object and move for a mistrial.
>
>     The record shows the matter was discussed between the trial court and counsel after the lunch recess and prior to the jury being recalled to the courtroom. (Exhibit A.) Deputy Cotten was present for the discussion. The judge stated he told the court security office to tell the jury the matter would be handled once everyone came back from lunch. This communication was not substantive and did not amount to a re-instruction or prohibited communication within the meaning of Florida Rule of Criminal Procedure 3.410 and was therefore not a violation of rule 3.410 or section 918.07, Florida Statutes. *See State v. Merrick*, 831 So. 2d 156, 157 (Fla. 2002); *Walker v. State*, 546 So. 2d

> 1165, 1167-1168 (Fla. 3d DCA 1989); *Lyons v. State*, 487 So. 2d 304, 305 (Fla.1st DCA 1986). Defendant's statement that the deputy may have told the jury something other than is on the record is pure speculation and not a proper basis for relief. Counsel was not ineffective for failing to object or move for a mistrial.

(Ex. P, pp. 32-33). The appellate court summarily affirmed the lower court's decision. (Ex. Q).

"[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L. Ed. 2d 508 (1975) ("State courts are the ultimate expositors of state law," and federal courts must abide by their rulings on matters of state law) (citations and footnote omitted); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983). Although an ineffective assistance of counsel claim is a federal constitutional claim which the court considers in light of the clearly established law of *Strickland*, when "the validity of the claim that [counsel] failed to assert is clearly a question of state law, . . . we must defer to the state's construction of its own law." *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (explaining, in the context of an ineffective assistance of appellate counsel claim, that "[o]n the one hand, the issue of ineffective assistance – even when based on the failure of counsel to raise a state law claim – is one of constitutional dimension," but, "[o]n the other hand, the validity of the claim [counsel] failed to assert is clearly a question of state law, and we must defer to the state's construction of its own law.") (citations omitted);[3] *see also Callahan v.*

---

[3] *Alvord* was superseded by statute on other grounds as noted in *Hargrove v. Solomon*, 227 F. App'x 806 (11th Cir. 2007).

*Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (holding that defense counsel cannot be deemed ineffective for failing to make a state-law-based objection when the state court has already concluded that the objection would have been overruled under state law; to conclude otherwise would require the federal habeas court to make a determination that the state court misinterpreted state law, which would violate the fundamental principle that federal habeas courts should not second-guess state courts on matters of state law); *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) (denying federal habeas relief on ineffective assistance claim based on counsel's failure to make state-law-based objection; holding that the Florida Supreme Court's conclusion that the proposed objection would have been overruled was binding and precluded federal habeas relief on ineffective assistance claim: "The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done. . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (alterations in original) (*quoting Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir.1997)).

Here, as in *Alvord*, *Callahan*, and *Herring*, the state court has already answered the question of what would have happened had petitioner's counsel objected or moved for a mistrial based on Fla. R. Crim. P. 3.410 and/or Fla. Stat. § 918.07– the objection would have been overruled. This court must defer to the state court's determination of state law. Counsel's failure to make a losing objection cannot be deemed deficient performance, and petitioner cannot show he was prejudiced by counsel's failure to make a losing objection.

The state courts' rejection of petitioner's claim was neither contrary to, nor an unreasonable application of *Strickland*, nor was the ruling based on an unreasonable determination of the facts in light of the record before the state court. Petitioner is not entitled to federal habeas relief on either of his claims.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Ernest Wesley Davis, III*, Santa Rosa County, Florida, Circuit Court Case Number 05-1010, be DENIED, and the clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 16th day of April, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).